IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN ROSA and LILY ROSA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CUTTER PONTIAC BUICK GMC ) <br> OF WAIPAHU, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL NO. 01-00766 DAE-BMK <br><br><br> ORDER STRIKING DEFENDANT <br> CUTTER PONTIAC BUICK GMC <br> OF WAIPAHU, INC.'S BILL OF <br> COSTS |

ORDER STRIKING DEFENDANT CUTTER PONTIAC BUICK GMC OF
WAIPAHU, INC.'S BILL OF COSTS

Before the Court is Defendant Cutter Pontiac Buick GMC of Waipahu, Inc.'s ("Defendant") Bill of Costs. Pursuant to the Local Rules of the District of Hawaii ("LR") 7.2(d), the Court finds this matter suitable for disposition without a hearing. For the following reasons, the Court hereby STRIKES Defendant's Bill of Costs.

FRCP 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The court "has wide discretion in awarding costs under [FRCP] 54(d)." Yasui v.

Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  In order to obtain reimbursement for costs in this District, a prevailing party must comply with the requirements of LR 54.2.  LR 54.2(c) requires the prevailing party to submit an "affidavit contain[ing] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs."  In the affidavit, the "prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."  LR 54.2(c) also requires the prevailing party to "state separately and specifically each item of taxable costs claimed" and provide "a memorandum setting forth the grounds and authorities supporting the request . . . ."

In this case, Defendant failed to comply with the requirements of LR 54.2.  Defendant did not submit an affidavit addressing whether an attempt was made to meet and confer or alternatively, why a conference was not held.  Defendant also did not submit a memorandum in support of the request for costs, making it difficult for the Court to determine whether any of the costs were necessarily obtained for use in this case.  Therefore, because Defendant failed to comply with LR 54.2, the Court hereby STRIKES Defendant's Bill of Costs.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 22, 2006

Rosa v. Cutter; CIV NO. 01-00766 DAE-BMK; ORDER STRIKING DEFENDANT CUTTER PONTIAC BUICK GMC OF WAIPAHU, INC.'S BILL OF COSTS