12/17/67

**FILED**

**NOT FOR PUBLICATION**

NOV 26 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN ROSA; LILY ROSA, | No. 06-15806 |
| Plaintiffs - Appellants, | D.C. No. CV-01-00766-DAE |
| v. | |
| CUTTER PONTIAC BUICK GMC OF WAIPAHU, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted November 7, 2007
Honolulu, Hawaii

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

Plaintiffs-Appellants Kevin and Lily Rosa sued Defendant-Appellee Cutter

Pontiac Buick GMC of Waipahu, Inc. ("Cutter Pontiac"), alleging violations of the

Truth in Lending Act (TILA) and Hawaii state law after the Rosas unsuccessfully

attempted to purchase a car from Cutter Pontiac. The district court granted Cutter

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

Pontiac summary judgment on the Rosas' TILA claim because the parties had not consummated a credit transaction under TILA and dismissed the supplemental state law claims without prejudice. We affirm.

Because the parties are familiar with the facts, we do not separately recount them here. We review a district court's grant of summary judgment de novo. *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005) (citations omitted). We have jurisdiction under 28 U.S.C. § 1291.

In a closed-end credit transaction, TILA liability accrues if a creditor does not make the required disclosures "before consummation of the transaction." *See* 12 C.F.R. § 226.17(b). Under TILA, a credit transaction consummates at "the time that a consumer becomes contractually obligated on a credit transaction." *Id.* § 226.2(a)(13). State law governs when a consumer becomes contractually obligated on a credit transaction. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). Based on the undisputed facts, the Rosas and Cutter Pontiac never consummated a credit transaction under Hawaii law.

The parties did not consummate a credit transaction by signing the Addendum to the Credit Sale Contract. While the Rosas signed the Addendum to the Credit Sale Contract, which specifies that it must "be read and signed prior to signing the Credit Sale Contract," they did not sign the actual Credit Sale Contract. Even accepting that

2

the Addendum is a part of the Credit Sale Contract, the Rosas' failure to sign the Credit Sale Contract precludes us from concluding that the parties entered a Credit Sale Contract because, under Hawaii law, a credit sale contract must be "signed by the parties" and, "if a portion of the agreement is contained in a separate part, the separate part shall be separately signed." Haw. Rev. Stat. § 476-3.[1]

No other documents in the record establish that the Rosas were contractually obligated to a credit transaction. While the Retail Buyer's Order and Invoice, which stated that the Rosas owed the balance of the vehicle in full within seven days, may have obligated the Rosas to purchase a vehicle, it did not obligate them to a particular credit arrangement. *See* Truth in Lending; Official Staff Commentary, 46 Fed. Reg. 50288-01, *50292 (Oct. 9, 1981) ("Consummation does not occur when the consumer becomes contractually committed to a sale transaction, *unless the consumer also becomes legally obligated to accept a particular credit arrangement.*") (emphasis

---

[1] We do not agree with the Rosas' suggestion that this court already decided whether the parties consummated a credit transaction in *Rosa v. Cutter Pontiac Buick GMC of Waipahu, Inc.*, 120 Fed. App'x. 76 (9th Cir. May 23, 2005) [*Rosa I*]. Though we concluded in *Rosa I* that "the Addendum was a part" of the Credit Sale Contract, we did not hold that signature to the Addendum amounted to signature to the Credit Sale Contract. Moreover, *Rosa I* addressed a motion for judgment on the pleadings and did not decide whether the Rosas were obligated to a credit transaction under Hawaii law. 120 Fed. Appx. at *77. We now determine, based on the more developed record submitted on summary judgment, that the district court correctly concluded that the Rosas were not so obligated.

3

added). The fact that the Rosas accepted the vehicle also did not obligate them to a particular credit arrangement nor did any oral promises or representations made by Cutter Pontiac regarding the certainty of financing.

Finally, the district court did not err in dismissing the Rosas' state law claims without prejudice even if one of the Rosas' two state claims may have been time-barred at the time of the district court's dismissal. We review a district court's dismissal of supplemental state claims after its dismissal of related federal claims for abuse of discretion. *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213 (9th Cir. 1991). Whether state claims are time-barred is a "relevant, though not determinative, factor to be considered" by a federal court when deciding whether to retain jurisdiction over supplemental state claims. *Id.* at 1215 (internal quotations and citation omitted).

Here, the district court's decision not to retain jurisdiction over the Rosas' state claims was not an abuse of discretion because the court explicitly considered the state statutes of limitation as a factor when deciding whether to retain jurisdiction. The district court concluded, correctly, that the limitations period on the fraud claim had not run at the time of its decision. Though the district court did not reach a

4

conclusion as to whether the statute of limitations relating to the Rosas' unfair or deceptive acts and practices claim had run, it adequately considered the issue.[2]

    For these reasons, the judgment of the district court is AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 1 8 2007

by: _____
Deputy Clerk

---

[2]    Though the district court did not explicitly consider it, we note that the statute of limitations on this claim may have been tolled during its pendency in federal court. *See* 28 U.S.C. § 1367(d) (providing for tolling of the limitations period "while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").